UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURA Insurance Company, *as subrogee of Molitor Equipment, LLC doing business as* Molitor Brothers Farm,<br><br>Plaintiff,<br><br>v.<br><br>Deere & Company,<br><br>Defendant. | Case No. 21-cv-1199 (KMM/BRT)<br><br>**ORDER** |

  SECURA Insurance Company ("SECURA") brought this action as subrogee for its insured, alleging that a tractor manufactured by Deere & Company ("Deere") started on fire due to product defects, and Deere's refusal to repair or replace the tractor violated its warranty. Deere brought a partial motion to dismiss SERCURA' breach-of-warranty claim regarding an alleged design defect, arguing that its warranty did not apply to loss resulting from such defects. In a bench ruling on August 23, 2021, the Honorable Eric C. Tostrud, granted Deere's motion. On December 29, 2021, this case was reassigned to the undersigned United States District Judge. On January 5, 2022, SECURA filed a letter requesting permission to file a motion to reconsider the partial dismissal of its warranty claim. [Pl.'s Letter, ECF 72]. SECURA's request is denied.

  Under Local Rule 7.1, a party may not file a motion seeking reconsideration unless it receives prior permission. D. Minn. LR 7.1(j). To get permission to file a motion to reconsider, a party must show "compelling circumstances." *Id.* Compelling circumstances exist when there is some indication of a "manifest error of law or fact" or where there is

1

"newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to afford a party an opportunity for relief in extraordinary circumstances." *United States v. Mustafa*, Crim. No. 14-261(5) (JRT/BRT), 2021 WL 925561 (D. Minn. Mar. 5, 2021).

SECURA has demonstrated neither a manifest error of law or fact, nor newly discovered evidence that would support a motion for reconsideration. SECURA's argument that Deere's warranty is ambiguous as to the scope of its coverage could have been raised earlier but was not. This is not an appropriate basis for reconsideration. *See, e.g.*, *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) ("A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending.") (internal quotation marks omitted).

SECURA further argues that *Reese v. Deere & Co.*, No. 4:21-cv-3282, Doc. No. 15 (D. Neb. Dec. 27, 2021), supports its request for reconsideration because the court there addressed the same issue decided in this case and reached a different conclusion. Not only is *Reese* not controlling, but it is easily distinguished. The *Reese* court denied a motion to dismiss a breach-of-warranty claim in its entirety because it was not clear, based on the allegations in the complaint, whether the damage to the combine and the plaintiff's other property was attributable to a design defect or a defect in materials or workmanship. *Id.*, Doc. No. 15 at 4–5. Here, Judge Tostrud dismissed SECURA's warranty claim regarding an allegedly defective design because the plain language of Deere's warranty covers only defects in materials or workmanship, and not design defects. [Tr. (Sept. 27, 2021) at 13–17, ECF 41].

Judge Tostrud left untouched SECURA's warranty claim involving manufacturing defects. Because these two decisions are based on both a different factual landscape and different reasoning, *Reese* does nothing to undermine Judge Tostrud's decision, let alone establish that it was based on a manifest error of law or fact.

Finally, SECURA relies on recently obtained evidence to support its request— testimony of a former Deere engineer, Troy Schick. However, the testimony SECURA cites in its letter is irrelevant to the interpretation of the warranty that led to partial dismissal of its warranty claim. *Cf. Bradley Timberland Resources v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (affirming denial of motion for reconsideration where plaintiff offered only newly discovered evidence that was irrelevant to the date its cause of action accrued and, therefore, did not undermine the district court's dismissal of misrepresentation claims as time barred). And a close examination of the context surrounding Mr. Schick's testimony further illustrates that it has no bearing on the rationale for Judge Tostrud's decision.

Accordingly, **IT IS HEREBY ORDERED that** SECURA's letter request for permission to file a motion for reconsideration is **DENIED**.

Date: January 13, 2022

*s/Katherine Menendez*
Katherine Menendez
United States District Judge